## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **ALEXANDER ISAIAH PEREZ,** | § | |
| **Reg. No. 44217-013,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-22-CV-324-DB** |
| | § | |
| **SANDRA HIJAR, Warden,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Alexander Isaiah Perez, a 26-year-old transgender prisoner, challenges a prison disciplinary action through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. Her petition is denied because it plainly appears from the petition and the attached exhibits that she is not entitled to relief.

## BACKGROUND

Perez pled guilty to one count of production of child pornography in the United States District Court for the District of Colorado. *United States v. Perez*, 17-CR-00230-MSK, 2020 WL 5088068, at *1 (D. Colo. Aug. 27, 2020). She was sentenced to 240 months' imprisonment. *Id.*

Perez is currently housed at the La Tuna Correctional Institution in Anthony, Texas. *See* Bureau of Prisons (BOP) Find an Inmate https://www.bop.gov/inmateloc/ (search for Reg. No. 44217-013) (last visited Sep. 16, 2022). Her anticipated release date is July 25, 2034. *Id.*

On July 28, 2021, a BOP technician monitoring prisoner e-mails determined that Perez was using a third-party communications service which allowed her to mask identities. Pet'r's Pet., ECF No. 1 (Incident Report) at 45. He noted BOP Program Statement 4500.012[1] warned inmates that

---

[1] *See* BOP Program Statement 4500.012 (March 14, 2018), section 14.10c ("Inmates are subject to disciplinary action for lying and/or providing false or fictitious information regarding a contact

they were subject to disciplinary action if they masked information in their communications. *Id*. He accordingly initiated prison disciplinary number 3530464 against Perez for using an unauthorized text messaging server which was most like a violation of 28 C.F.R. § 541.3, Prohibited Act Code 296 (Code 296). *Id*.

Perez received written notice of the charge on July 29, 2021. Pet'r's Pet., ECF No. 1 (DHO Report) at 45. *Id*. at 46. She was advised of her rights on July 31, 2021. *Id*. She appeared before a discipline hearing officer (DHO) on August 10, 2021. *Id*. She waived the right to a staff representative and presented two witnesses. *Id*.

The DHO considered the reporting officer's statement that he discovered Perez was circumventing BOP communication procedures while monitoring prisoner e-mails. *Id*. at 48. He noted that the BOP only permitted inmate e-mail communications through "Corrlinks"—not the e-mail service used by Perez. *Id*. He further noted that Perez's intake form showed she received an Admission and Orientation Handbook which listed prohibited acts—including "abuses other than criminal activity which circumvent mail monitoring procedures, Code 296." *Id*. He determined that Perez used the unauthorized e-mail service based in part on Perez's own statement during the hearing that "all institutions were using that type of e-mail system." *Id*. The DHO concluded that the greater weight of the evidence was sufficient to support a conclusion that Perez committed a prohibited act most like Code 296. *Id*. at 49. The DHO sanctioned Perez with the loss of 27 days of good conduct time, 180 days of employment, 180 days of commissary privileges, and 365 days of e-mail privileges. *Id*.

---

(e.g., when complete name is not used; when information is altered to hide the identity of the contact; and any/all other attempts to mislead reviewing and monitoring staff as to the true identity and contact information").

Perez appealed and the regional director "determined a rehearing should be conducted" because of a clerical error on the paperwork. Pet'r's Pet., ECF No. 1-1 (Administrative Remedy Appeal) at 20. Perez was advised "[t]his response [was] for informational purposes only" and did not vacate the punishment imposed by the DHO. *Id.*

Perez asked for Officer A. Rivera to represent her at her second hearing. Pet'r's Pet., ECF No. 1-1 (DHO Rehearing Report) at 51. Her request was denied because Rivera was not available, so the warden appointed CM J. Gonzalez to represent her. *Id.* Perez claimed at the hearing that she was "innocent of the charge" and added she had no "additional evidence to present from the initial hearing." *Id.* She presented one witness who testified in her behalf. *Id.*

The DHO considered the reporting officer's report that he was monitoring inmate e-mails when he discovered Perez was circumventing the electronic mail monitoring procedures by subscribing to a third-party service called "Openefforts." *Id.* at 53. He noted "in the Federal Bureau of Prisons, there are no approved services other than . . . Corrlinks." *Id.* He further noted Perez was issued a handbook upon his arrival at La Tuna which explained Code 269 prohibited inmates from circumventing the mail monitoring procedures. *Id.* He concluded "the greater weight of the evidence was sufficient . . . to support [Perez] committed the prohibited act" of circumventing mail monitoring procedures which was most like a violation of Code 296. *Id.* at 54. He once again sanctioned Perez with the loss of 27 days of good conduct time, 180 days of commissary privileges, and 365 days of e-mail privileges. *Id.* But he removed the 180-day loss of job sanction at the request of the warden. *Id.*

Perez now challenges the disciplinary action in her § 2254 petition. She claims (1) her due process rights were violated during the disciplinary proceedings, (2) the Bureau of Prison's

3

expansive interpretation of Code 296 violated the Administrative Procedures Act, (3) staff members have retaliated against her for pursuing an administrative remedy, (4) staff members have discriminated against her based on her transgender status, and (5) staff members have deprived her of property without due process. Pet'r's Pet., ECF No. 1 at 8–10. She asks the Court to expunge her disciplinary record, restore twenty-seven days of lost good conduct time, and order her transfer to a transgender-friendly prison. *Id.* at 9.

## APPLICABLE LAW

"Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . if condoned, result in a complete miscarriage of justice.' " *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Habeas corpus relief will not be granted unless the petitioner shows that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

When a court receives a § 2241 petition, it accepts a petitioner's allegations as true during the initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under more a lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Upon completing the initial screening, it must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District

4

Courts (applicable to § 2241 petitions pursuant to Rule 1(b)), 28 U.S.C. foll. § 2254.

## ANALYSIS

### A. Due Process Rights

Perez first claims her due process rights regarding her good time credits were violated during the disciplinary proceedings. Pet'r's Pet., ECF No. 1 at 8. Specifically, she complains the sanctions imposed after her initial hearing were not removed after her case was remanded for a rehearing on November 19, 2021. *Id.* at 23.

A prisoner's challenge to a disciplinary action may fall within the scope of 28 U.S.C. § 2241. *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001). But before a prisoner may obtain habeas relief, she must first show that her disciplinary action resulted in a punishment which intruded on a liberty interest. *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995). And a prisoner's constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Consequently, "[o]nly those state-created substantive interests that 'inevitably affect the duration of [a prisoner's] sentence' may qualify for constitutional protection." *Thompson v. Cockrell*, 263 F.3d 423, 425 (5th Cir. 2001). So, for example, a prisoner has a liberty interest in her accumulated good conduct time. *Henson v. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). But "a prisoner has no liberty or property interest in [her] job assignment." *Bulger v. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). Similarly, a prisoner has no protected liberty interest in her commissary privileges. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). And finally, "[a] prisoner does not have a constitutionally protected liberty interest" in using in obtaining access to an e-mail service because

5

its use does not affect the duration of her sentence. *Green v. Maye*, A-12-CA-065 LY, 2012 WL 1982249, at *2 (W.D. Tex. June 1, 2012).

A prisoner facing the loss of a protected liberty interest through a disciplinary hearing is entitled to the due process protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). But a prisoner's "disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556 (1974). For a prison disciplinary proceeding to comport with the requirements of due process, a prisoner need only be afforded the following minimal procedural safeguards: (1) advance written notice of the disciplinary charges; (2) an opportunity to present evidence in his defense; and (3) a written statement by the factfinder regarding the evidence relied on and reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67). And a prisoner must be presented with "some facts" or a "modicum of evidence" which supports the disciplinary decision. *Id.* at 454–55.

A court's determination "whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455; *see also Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) ("[T]he court may act only where arbitrary or capricious action is shown."). Indeed, a court's review is "extremely deferential," and it will overturn a disciplinary proceeding "only where no evidence in the record supports the decision." *Morgan v. Dretke*, 433 F.3d 455, 458 (5th Cir. 2005); *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

The first *Wolff* factor—advance written notice of the charges at least twenty-four hours before a disciplinary hearing—was satisfied by the notice delivered to Perez on July 29, 2021.

6

Pet'r's Pet., ECF No. 1 (Incident Report) at 45; *id.*, ECF No. 1-1 (Notice of Hearing) at 55. The second *Wolff* factor—the opportunity to appear at the hearing, to call witnesses, and to present rebuttal evidence—was satisfied when Perez appeared before the DHO on August 10, 2021, was advised of her rights, made a statement, and called two witnesses to testify in her behalf. *Id.*, ECF No. 1 (DHO's Report) at 46–49. It was satisfied again when Perez, then represented by a staff member, appeared before the DHO for a rehearing on February 15, 2022, and was advised of her rights, made a statement, and called a witness. *Id.*, ECF No. 1-1 (DHO's Rehearing Report) at 51–54. The third *Wolff* factor—a written statement by the factfinder—was satisfied by the two DHO's reports. *Id.*, ECF No. 1 (DHO's Report) at 46–49; *Id*, ECF No. 1-1 (DHO's Rehearing Report) at 51–54.

"The federal courts cannot assume the task of retrying all prison disciplinary disputes. No *de novo* review of the disciplinary board's factual finding is required." *Rabalais*, 659 F.2d at 545. In order to successfully challenge a DHO's determination regarding the sufficiency of the evidence, a petitioner must ultimately demonstrate that "there is no evidence whatsoever to support the decision." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

The DHO considered the reporting officer's report that he was monitoring inmate e-mails when he discovered Perez was circumventing the electronic mail monitoring procedures by subscribing "Openefforts." Pet'r's Pet., ECF No. 1-1 (DHO's Rehearing Report) at 53. He noted "in the Federal Bureau of Prisons, there are no approved services other than . . . Corrlinks." *Id*. He further noted Perez was put on notice upon his arrival at La Tuna that Code 269 prohibited inmates from circumventing the mail monitoring procedures. *Id*. He concluded "the greater weight of the evidence was sufficient . . . to support [Perez] committed the prohibited act" of circumventing mail

7

monitoring procedures in violation of Code 296. *Id.* at 54. Thus, based on the facts in this case, the DHO reasonably concluded that there was some evidence that Perez violated a disciplinary rule most like Code 292.

Perez complains the sanctions—including the loss of 27 days of good conduct time credit—were not vacated when the Regional Director ordered a rehearing "because of a technicality." *Id.*, ECF No. 1 at 23, 25. But Perez's anticipated release date is not until July 25, 2034. *See* Bureau of Prisons (BOP) Find an Inmate https://www.bop.gov/inmateloc/ (search for Reg. No. 44217-013) (last visited Sep. 16, 2022). And the DHO sanctioned her again with the loss of 27 days of good conduct time after the rehearing. So any purported error in not vacating the sanctions while awaiting a second disciplinary hearing did not prejudice Perez.

The Court finds it appears from the face Perez's petition and the attached exhibits that her due process rights were not violated.

### B. Administrative Procedures Act

Perez complains "[t]he BOP's expansion of incident code 296 [from mail to e-mail] was 'substantive' not interpretive, and [the BOP's] failure to provide fair notice violates due process, warranting expungement." Pet'r's Pet., ECF No. 1 at 27. She notes "[a]ll of the examples listed in [Code] 296 clearly apply to the Postal Mail system, therefore the 'most like' is expected to be related to and only to the U.S. Postal Mail system, not e-mail." *Id.* at 28. Notably, she does not dispute Code 296 was a substantive rule, validly in effect at time of her infraction. She argues "[i]f electronic messaging does fall under inmate mail [the] La Tuna staff was required to notify the petitioner and all other inmates of such policy promptly after arrival at the institution." *Id.* at 29 (quotation marks omitted). In other words, she asserts the inclusion of e-mail under Code 292

amounts to the issuance of a new, invalid substantive rule because it was not issued in accordance with the notice-and-comment procedures in the Administrative Procedure Act (APA). *See* 5 U.S.C. § 553.

"Generally speaking, . . . substantive rules . . . are those which create law; whereas interpretative rules are statements as to what the administrative officer thinks the statute or regulation means." *Shell Offshore Inc. v. Babbitt*, 238 F.3d 622, 628 (5th Cir.2001) (citing *Brown Express, Inc. v. United States*, 607 F.2d 695, 700 (5th Cir.1979)). Substantive rules affect individual rights and are binding on the courts, whereas interpretive rules leave the agency free to exercise discretion. *Williams v. Van Buren*, 117 F. App'x 985, 986 (5th Cir. 2004) (per curiam).

Under the APA, a substantive rule requires a rigorous notice-and-comment procedure while an interpretive rule does not. *Mercy Hosp. of Laredo v. Heckler*, 777 F.2d 1028, 1032 (5th Cir. 1985) (citing 5 U.S.C. § 553). A substantive rule issued without following the "procedural requirements [of the APA] may justify a determination that the rule or regulation is void." *Id.* (citing 5 U.S.C. § 706(2)).

Code 296 of the BOP's inmate discipline program, found in 28 C.F.R. § 541.3, prohibits prisoners from circumventing mail monitoring procedures:

> Use of the mail for abuses other than criminal activity which circumvent mail monitoring procedures (e.g., use of the mail to commit or further a High category prohibited act, special mail abuse; writing letters in code; directing others to send, sending, or receiving a letter or mail through unauthorized means; sending mail for other inmates without authorization; sending correspondence to a specific address with directions or intent to have the correspondence sent to an unauthorized person; and using a fictitious return address in an attempt to send or receive unauthorized correspondence).

Code 296 is clearly a substantive rule because it creates a specific prohibition on circumventing prisoner mail monitoring procedures. *Shell Offshore*, 238 F.3d at 628. Over time, " '[e]-mails have

replaced other forms of communication [including] paper-based communication.' " *Thompson v. U.S. Dept. of Hous. & Urban Dev.*, 219 F.R.D. 93, 97 (D. Md. 2003) (quoting *Byers v. Illinois State Police*, 2002 WL 1264004 at *10 (N.D. Ill. June 3, 2002)). Because of this change in the way individuals communicate, expanding the substantive rule to treat e-mail as ordinary mail is an act of interpretation. It does not create a new substantive restriction because prisoners are already prohibited from circumventing the mail monitoring procedures in order to protect the safety and security of their prisons. *Evans v. Martin*, 496 F. App'x 442, 444 (5th Cir. 2012). Disciplining Perez amounted to little more than construing an already-extant regulation on mail to include e-mail.

The Court finds the inclusion of e-mail under Code 292 did not amount to the issuance of a new substantive rule and did not violate the APA's notice-and-comment procedures.

### C. Remaining Claims

Perez further claims La Tuna staff members retaliated against her for pursuing administrative remedies. Pet'r's Pet., ECF No. 1 at 8. She also avers the staff members have discriminated against her based on her transgender status. *Id.* at 9. She finally asserts the staff members have deprived her of property without due process of law. *Id.* at 10.

"[H]abeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976). It "is not available to prisoners complaining only of mistreatment during their legal incarceration." *Granville v. Hunt,* 411 F.2d 9, 12 (5th Cir. 1969). Indeed, the "sole function" of a habeas petition is relief from unconstitutional custody." *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (per curiam).

The Court finds that Perez's remaining issues concern the conditions of her confinement.

A favorable determination on these claims will not automatically entitle her to an accelerated release from confinement. Thus, it appears from the face of Perez's petition that she is not entitled to habeas relief on these claims.

## CONCLUSIONS AND ORDERS

The Court concludes it plainly appears from Perez's petition and the attached exhibits that she cannot meet her burden of showing she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Consequently, the Court also concludes that Perez is not entitled to relief under 28 U.S.C. § 2241. 28 U.S.C. foll. § 2254, Rule 4. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Perez's "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Perez's due process and Administrative Procedures Act claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Perez's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 22nd day of September 2022.

**DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

11